IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANNY B. CHILDERS                                               PLAINTIFF


V.                                          CIVIL ACTION NO. 1:05CV164-SAA


FREDS, INC.; AND
KMART CORPORATION                                              DEFENDANTS


## ORDER GRANTING MOTION TO DISMISS

This case is before the court on motion of defendant Kmart Corporation to dismiss

pursuant to Rule 12(b)(1) and Sections 1141and 524 of the Bankruptcy Code and Article XII of

Kmart Corporation's Plan of Reorganization ("the Plan") under Chapter 11 of the Bankruptcy

Code, approved by the Bankruptcy Court on May 6, 2003.  According to Kmart's motion,

because plaintiff's action arose after the commencement of Kmart's bankruptcy case and because

plaintiff failed to file an administrative expense request form as required by the Plan before the

June 20, 2003 Bar Date, the plaintiff is barred from now asserting his claim against Kmart.

Plaintiff requested and was granted an extension of time until April 5, 2006 in which to

file a response to Kmart's motion.  To date, there has been no response filed.  While the court has

discretion to grant the motion on plaintiff's failure to respond alone, the undersigned has

reviewed the motion and finds that it should be granted on the merits.  *See* Uniform Local Rule

7.2(C)(2).

Upon due consideration of Kmart's motion and review of relevant case law, it appears

that plaintiff's claim, for personal injury and product liability, falls within the category of

administrative claims under the Bankruptcy Code.  11 U.S.C. § 503.  As the plaintiff's claim has

yet to be adjudicated and is considered conjectural, it is considered to be "unknown" for purposes

of publication and notice under the Bankruptcy Code. *Mullane v. Central Hanover Bank &*

*Trust*, 339 U.S. 306, 371, 94 L. Ed. 865, 70 S. Ct. 652 (1950). Kmart properly published its

notice of the Confirmation Order, Effective Date and Bar Date regarding its Plan in national

publications as required by the Plan. The court finds that notice was properly provided to

unknown claims such as that of the plaintiff. The plaintiff filed the instant action on July 1,

2005. As the plaintiff did not file an administrative expense request form prior to the Bar Date,

the court concludes that the plaintiff's claim against Kmart Corporation is properly denied, and

Kmart's motion to dismiss should be GRANTED.

 SO ORDERED.

 THIS, the 9th day of May, 2006.


     __/s/__ S. ALLAN ALEXANDER_____
     UNITED STATES MAGISTRATE JUDGE